IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| REGINALD C. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 123-137 |
| | ) |
| THE STATE OF GEORGIA, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently incarcerated at Telfair State Prison in Helena, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** and this civil action be **CLOSED**.

**I.   BACKGROUND**

This is Petitioner's second § 2254 petition filed with this Court.  Though Petitioner provides no information as to his previous § 2254 petition, the Court may take judicial notice of its own or another court's records to establish the existence of ongoing litigation and related filings.  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  Accordingly, the Court refers to its prior ruling to recite the background of Petitioner's conviction and history in this Court.

On June 8, 2001, following a jury trial in the Superior Court of Richmond County, Georgia, Petitioner was convicted of armed robbery, aggravated assault, kidnapping with bodily injury, and

possession of a firearm.  See Harris v. Toole, Civil Action No. 113-021, 2013 WL 1130593, at *1 (S.D. Ga. Feb. 21, 2013), *adopted by* 2013 WL 1127453 (S.D. Ga. Mar. 15, 2013).  Petitioner received a life sentence plus five years.  Id.  Petitioner's convictions were affirmed on appeal on August 14, 2002.  Id.; see also Harris v. State, 570 S.E.2d 353, 357 (Ga. Ct. App. 2002).  On August 1, 2003, Petitioner filed a state habeas corpus petition raising claims of ineffective assistance of appellate counsel in the Superior Court of Tattnall County and after an evidentiary hearing, his state habeas claims were denied on June 6, 2012.  Harris, 2013 WL 1130593 at *1.  Petitioner, sometime thereafter, filed an application for a certificate of probable cause with the Supreme Court of Georgia, which was rejected for Petitioner's failure to include an affidavit of indigency.  Id.  Petitioner resubmitted his application with the requisite affidavit on July 16, 2012, and that application was dismissed as untimely on January 22, 2013.  Id.

Petitioner filed his first § 2254 petition with this Court on February 6, 2013, raising claims of ineffective assistance of appellant counsel, violations of Miranda rights, ineffective assistance of state habeas counsel, and error on part of the state habeas court.  Id.  On March 15, 2013, Chief United States District Judge J. Randal Hall dismissed the petition as time-barred by the applicable statute of limitations.  See Harris, 2013 WL 1127453 at *1.  Petitioner appealed to the Eleventh Circuit Court of Appeals and was denied a certificate of appealability.  See Harris v. Toole, No. 13-11550, *slip op.* (11th Cir. Aug. 16, 2013); see also CV 113-021, doc. no. 17.

Petitioner commenced this present action by submitting a § 2254 habeas corpus petition on September 20, 2023, (see doc. no. 1), and moved to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)  In his petition, Petitioner lists two grounds for relief, contending: (1) his sentence should be modified based on the "Second Look Act of 2019 – S. 2146," and (2) his sentence should be modified because of the Georgia Supreme Court's decision in Garza v. State, 670

2

S.E.2d 73, 47 (Ga. 2008), which revisited the proof and sufficiency of evidence requirements for the offense of kidnapping (O.C.G.A. § 16-5-40).  (See doc. no. 1, pp. 2-3.)  Petitioner does not allege he has requested or received authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

## II.   DISCUSSION

The petition should be dismissed as successive.  Because Petitioner filed a prior application for a federal writ of habeas corpus and there has been no new judgment intervening since that federal application, the current application is successive.  See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1264 (11th Cir. 2020) (*per curiam*).  The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A).   Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Dismissal of a § 2254 petition for untimeliness constitutes an adjudication on the merits and renders future petitions second or successive.  Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353, 1359 (11th Cir. 2007); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  Because Petitioner's prior challenge to his conviction in this Court was dismissed on the merits, the instant petition is successive within the meaning of § 2244(b).  Moreover,

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).  Accordingly, this petition should be dismissed as successive.

**III.    CONCLUSION**

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 22nd day of September, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA